**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY KENNEDY,** | **Case No.: 12-CV-952 YGR** |
| **Plaintiff,** | **ORDER GRANTING MOTION OF DEFENDANT BANK OF AMERICA, N.A. AND RECONTRUST TO DISMISS WITH LEAVE TO AMEND** |
| **vs.** | |
| **BANK OF AMERICA, N.A. ET AL.,** | |
| **Defendants.** | |

Plaintiff Terry Kennedy ("Plaintiff") brings this action against Defendants Bank of America, N.A. ("BANA"), as successor in interest to Quick Loan Funding, and Reconstrust [*sic*] Company, N.A. (collectively, "Defendants").  Plaintiff's First Amended Complaint ("FAC") alleges claims for: (1) fraud; (2) violation of Cal. Civil Code § 2923.5; (3) violation of Cal. Civil Code §2923.6; (4) Real Estate Settlement Procedures Act, or RESPA, 12 USC § 2605; (5) breach of the implied covenant of good faith and fair dealing as a third party beneficiary of federal Home Affordable Modification Program ("HAMP") agreements; (6) breach of the implied covenant of good faith and fair dealing regarding loan modification; (7) violation of the Truth In Lending Act ("TILA") disclosure provisions, 15 U.S.C. § 1601; (8) rescission; (9) predatory lending under California Business & Professions Code § 17200; (10) violation of Cal. Civil Code §§ 1920 and 1921; (11) negligence; (12) declaratory relief; and (13) quiet title.  (Dkt. No. 15.)

Defendants filed a Motion to Dismiss under Rules 8, 9, and 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 18.)  Having carefully considered the papers submitted and the

pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss, with leave to amend.[1]

### SUMMARY OF ALLEGATIONS

Plaintiff alleges that he contacted Quick Loan Funding Inc. ("Quick") on or about July 22, 2006, to inquire about refinancing his home mortgages. (FAC ¶ 19.)  He alleges that Quick's agent informed him that he would probably qualify for an Interest Only Adjustable Rate Loan ("IOARL") in the amount of $693,000. (FAC ¶ 19.)  He was told that the monthly payment would remain the same for a few years and that he could refinance when the rate increased. (FAC ¶ 20.)  Plaintiff alleges that the agent never told him that the initial interest rate was 8.25%. (FAC ¶ 22.)

On August 3, 2006, a mobile notary came to Plaintiff's residence to have him sign the paperwork. (FAC ¶ 26.)  Plaintiff alleges that he spent only 10 minutes or so reading the paperwork because he felt pressured into signing and he did not understand the documents. (*Id.*) He alleges that he signed the loan agreements without knowing what he was signing. (*Id.*)

Plaintiff alleges that, at the time he entered into the loan, he was not told that his income could not support the monthly payments when they increased to $5033.00 per month, or that the loan had an adjustable interest rate that started at 8.25% and could reach 14.25%.  He alleges that the agent told him that the interest rate was a fixed 4.00%. (FAC ¶ 29.)  He further alleges that the pre-payment penalty was not disclosed, nor was his right to rescind within 3 days of signing. (FAC ¶ 29.)

---

[1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on May 1, 2012, is appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for May 1, 2012.

Plaintiff's opposition to the motion was far in excess of the space limitations set forth in Local Rules 3-4(c) and 7-4(b).  The Court issues herewith an Order to Show Cause why sanctions should not issue for Plaintiff's counsel's failure to comply with the rules.

The initial notice of default recorded October 14, 2010, indicated that Plaintiff was $169,036.55 in default.  As of August 5, 2011, a notice of trustee's sale was recorded showing a total unpaid (accelerated) balance of $934,133.89.  (FAC ¶¶ 31, 32.)

**STANDARDS APPLICABLE TO THE MOTION**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests."  *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true.  *Id.* at 94.  However, legally conclusory statements not supported by actual factual allegations need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff's obligation to set forth the basis for his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief.  *Iqbal*, 556 U.S. 679.

The court generally may not consider materials outside the pleadings, but may consider a matter that is properly the subject of judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-

3

89 (9th Cir. 2001). Additionally, the court may consider exhibits attached to the complaint and documents referenced by the complaint and accepted by all parties as authentic. *See Hal Roach Studios. Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997).

## DISCUSSION

The thirteen claims alleged in Plaintiff's complaint break down into four general categories: loan origination-based claims, foreclosure-based claims, loan modification-based claims, and two claims for equitable relief derived from all the foregoing. The Court addresses each category generally, reaching arguments specific to claims within the category as necessary.[2]

I.   CLAIMS CONCERNING ORIGINATION AND DISCLOSURES -- FIRST, SEVENTH, EIGHTH, NINTH, AND TENTH

*A. Statute of Limitations*

Defendant argues that each of Plaintiff's claims concerning the original loan and failure to make required disclosures is time-barred because the triggering event was the loan's origination in August of 2006. The complaint here was filed in January of 2012, well beyond even the longest

---

[2] Defendants submitted a Request for Judicial Notice with their motion. (Dkt. No. 19.) The Court GRANTS Defendants' Request for Judicial Notice as to Exhibits 1-5, and DENIES the request as to Exhibit 6 on the grounds that it is not properly the subject of judicial notice given that it is an unauthenticated print out from a website concerning matters, at most, tangential to the motion.

statute of limitations for any of these claims.[3]  Defendant further argues that Plaintiff pleads no facts to support equitable tolling of the claims, *i.e.* no inability to discover the claims earlier despite his reasonable diligence.  Plaintiff argues that he discovered the basis for his claims much later than the origination of the loan, and therefore the statutes of limitations should be tolled.

It is a well-established principle that the statute of limitations on a claim begins to run when the plaintiff "at least suspects a factual basis, as opposed to a legal theory" of some wrongdoing, and has "reason to suspect when he has notice or information of circumstances to put a reasonable person on inquiry." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397-98 (1999) (internal citations and quotations omitted).  It is not relevant to the accrual of the cause of action that an attorney or expert has not yet reviewed the facts or advised the plaintiff.  *Id.* at 398.

The burden is on a plaintiff seeking to avoid the effect of the limitations bar to plead specific facts demonstrating: "(1) the time and manner of discovery [of the facts underlying the claim] and (2) the inability to have made earlier discovery despite reasonable diligence." *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1324 (2007).  Conclusory allegations will not avoid a motion to dismiss.  *Id.*; *see also Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (conclusory allegations regarding lack of disclosures insufficient to toll limitations period for TILA claim); *Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir.2003) (dismissing TILA claim, despite request for equitable tolling, because plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one-year limitations period).

---

[3]  *See, e.g.,* Cal. Code Civ. Proc. §§ 338 (a)-(d) and 340 (3 years, fraud); 12 U.S.C. § 2614 (3 years, RESPA) 15 U.S.C. § 1635(e), (f) (1 year, TILA disclosures, 3 year for TILA rescission); Cal. Bus. & Prof. Code § 17208 (4 years for UCL claim).

Under California law, one who signs a contract "cannot complain of unfamiliarity with the language of the instrument." *Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 710, *accord Pac. State Bank v. Greene*, 110 Cal. App. 4th 375, 393 (2003). A party must show he reasonably relied on a contrary representation such that it excuses his failure to read the document. *Pac State Bank, supra*, 110 Cal.App.4th at 393. Where the party was "in full possession of all information relevant to the discovery [of the claim]. . . on the day the loan papers were signed," there is no basis for equitable tolling of the limitations period. *Meyer, supra,* 342 F.3d at 902.

The Court is not persuaded that the statutes of limitations here should be tolled for Plaintiff's alleged late discovery of the basis for his claims. Plaintiff offers a mixed bag of contradictory fact allegations as to when he believes the statute of limitations should have been triggered. First, Plaintiff alleges that, when he spoke with Quick's agent about the loan initially, he "was told that he would probably qualify for an Interest Only Adjustable Rate Loan," as to which he was informed that "the monthly payment stayed the same 'for quite a few years'" and that "he could refinance when the rate increased." (FAC ¶ 19.) He then alleges that when he signed the loan documents in August of 2006, he was relying on the loan agent's representations of the terms and did not read what he was signing. (FAC ¶ 26.) He then offers a variety of other, later dates for consideration as to why his claims should not be considered barred. He alleges that he was not provided with "accurate material disclosures required under TILA" though he does not specify what it was that he was not provided. (FAC ¶ 133.) He also alleges that he was not provided with loan documents, disclosures and notices until after the loan transaction was completed and did not discover this until he "began to consider filing a litigation case against Defendants within the last six months." (FAC ¶ 143.) Somewhat confusingly, he argues in his brief that he had no reason to review the disclosures until later, when BANA would not consider him for a loan modification.

(Dkt. No. 22, Plaintiffs' Response, at 10:20-23). He alleges that he "only recently discovered Defendants' unlawful suppression of facts and intentional acts of deception when Plaintiff had his Loan documents professionally reviewed when Plaintiff began the loan modification process, within the last three years." (FAC ¶¶ 49, 173.) Particularly with respect to the negative amortization aspect of his complaint, he alleges that he had no reason to suspect he was placed into a negative amortization loan before he received the Notice of Trustee's Sale dated August 5, 2011, which showed that he owed more than $200,000 over the original amount of the loan. (FAC ¶ 32.) He also alleges that he discovered Defendants' fraud concerning the terms of the loan when he became unable to make the higher monthly payments "on or about December 2009." (FAC ¶ 30.)

The Court's reading of these contradictory allegations, as well as the documents attached to the FAC, only serves to establish that Plaintiff has not provided, in this amended complaint, a legitimate basis for tolling. While the Court does not determine the truth of the allegations on a motion to dismiss, the Court need not accept allegations that are contradicted by other allegations in the complaint or by the documents attached thereto. *See Hal Roach Studios, supra*, 896 F.2d at 1555 n.19.

Plaintiff cannot reasonably argue that he was not aware that his loan was an adjustable rate versus a fixed rate, or that initial payments were interest-only versus payment on the principal, or that he did not know the monthly payment amount would increase, since he also alleges he was told all these things before he entered into the loan agreement. (FAC at ¶19.) Further, each of those features was apparent upon even a cursory review of the agreement that he signed. (FAC, Exh. A.) In short, and without more, nearly all the matters related to the inception of the loan and disclosures about which Plaintiff complains are things that were readily apparent to a reasonably diligent person at the time that he signed the agreement.

B.      *Successor Liability for Quick's Origination*

Defendants argue that they cannot be liable on the origination-based claims for the further reason that they were not the originators of the loan.  Plaintiff alleges that BANA is liable as the "successor in interest to the lender, Quick."  (FAC ¶42.)

Plaintiff acknowledges in the FAC that "the issue of successor-in interest liability is 'extremely fact sensitive'" (FAC ¶ 40), and that a number of different factors and bases for liability have been set forth under California law (FAC ¶ 36-41).  However, Plaintiff never makes more than the bare conclusory allegation that Bank of America is Quick's successor in interest.  (FAC ¶42.)  Without more, Plaintiff has not alleged facts sufficient to hold BANA and Recontrust liable for Quick's conduct.

Further, and in contrast to the *Velazquez* case cited in Plaintiff's opposition, there is no allegation here that BANA knew of the alleged wrongful acts of Quick, or actively participated in them.  *Cf. Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

C.      *The Motion to Dismiss These Claims is Granted*

As stated above, the statute of limitations and the lack of facts to support successor liability both bar the first, seventh, eighth, ninth, tenth and eleventh claims as currently pleaded.  Thus, the Court does not reach the merits of the additional arguments offered by Defendants as to these claims.  The motion to dismiss each of the origination-based claims is GRANTED.  Although it does not appear likely that these defects can be cured by amendment, the Court nevertheless grants Plaintiff leave to amend as to each of these claims.

//

//

//

II.   CLAIMS CONCERNING FORECLOSURE PROCESS  - SECOND, THIRD AND FOURTH

   A.   *Violation of Cal. Civ. Code § 2923.5 - Second Claim for Relief*

   Plaintiff alleges that Defendants initiated the foreclosure proceedings against him without first contacting him by certified mail or telephone as required in California Civil Code §2923.5. (FAC ¶62, 65-68.)  Defendants counter that the required contact was made, as is apparent from the declaration attached to the Notice of Default, such that no claim can be stated.

   Section 2923.5 requires that, before a notice of default is filed, the mortgagee or agent must contact the borrower in person or by phone to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" or else that it has attempted to contact the borrower with due diligence.  While Defendants may be correct that the declaration attached to their Notice of Default here is sufficient under the statute, the truthfulness of that declaration is something that cannot be established on the pleadings.  "If section 2923.5 is not complied with, then there is no valid notice of default, and without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010), review denied (Aug. 18, 2010).  As the Court in *Mabry* held, where there is a conflict in the evidence regarding compliance with the statutory requirement to contact the borrowers, the court cannot resolve the case as a matter of law, even if the declaration attached to the notice of default professes compliance.  *Id.* at 235.

   Defendants further argue that the claim is moot because the parties entered into a joint stipulation to postpone the foreclosure sale after this case was filed, and since postponement until the mortgagee contacts the borrower to discuss options to avoid foreclosure is all that is permitted as a remedy, Plaintiff has obtained all that he would be entitled to.

   It is true that the rights conferred under section 2923.5 may only be "enforced by the postponement of a foreclosure sale."  *Id.* at 225.  It is also true that the "assessment" and

"exploration" requirements of section 2923.5 have been held to be fairly low hurdles to jump.  *Id.* at 232.  ("any 'assessment' must necessarily be simple—something on the order of, 'why can't you make your payments?' [and] [e]xploration must necessarily be limited to merely telling the borrower the traditional ways that foreclosure can be avoided").  However, the Court cannot make a factual determination, based upon the complaint and the matters judicially noticeable, that the contact which has taken place after the filing of the complaint has mooted in its entirety Plaintiff's entitlement to postpone the sale until the requirements of the statute are met.

As a result, the motion to dismiss as to the second claim is **DENIED**.

### B.  Violation of Cal. Civ. Code § 2923.6 - Third Claim for Relief

Plaintiff alleges that Cal. Civ. Code § 2923.6 requires Defendants to offer a loan modification or workout plan, which was not done here.  Plaintiff concedes that numerous courts have found that there is no private right of action for violation of this statute, citing a number of federal trial court decisions.

The California Court of Appeals held that "section 2923.6, [ ]does *not* operate substantively. . . [but] merely expresses the *hope* that lenders will offer loan modifications on certain terms.  *Mabry, supra,* 185 Cal. App. 4th 208, 222 (emphasis in original).  It "conspicuously does not require lenders to take any action."  *Id.* at 222 n. 9.

The motion to dismiss this claim is, therefore, **GRANTED**.  Plaintiff is given leave to amend to allege a cognizable claim, if possible.

### C.  RESPA Violation  - Fourth Claim for Relief

Plaintiff alleges that he sent a qualified written request ("QWR") and a validation of debt ("VOD") request to Defendants, seeking an accounting, payoff amount, and listing of all fees, penalties and charges.  (FAC ¶¶ 99, 100.)  Defendants failed to respond to the QWR and VOD as

required by RESPA, 12 USC §§2605(e)(1)(A), 2605(e)(2)(C).  On that basis, Plaintiff seeks: (1) a determination that the power of sale in the deed of trust cannot be enforced at this time because Defendants have failed to handle the foreclosure in accord with the statutory requirements meant to protect borrowers; and (2) damages incurred in enforcing these rights and as a result of any reporting to credit reporting agencies that might have occurred, contrary to the statute.  (FAC ¶¶ 105-107.)

Defendants contend that Plaintiff did not attach a copy of the QWR to the complaint and did not allege sufficient facts to determine that the letter allegedly sent met the requirements of a QWR. Section § 2605 (e)(1) (B) provides that a QWR is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error *or* provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. §§ 2605 (e)(1) (B) (emphasis added); *see also Luciw v. Bank of Am., N.A.*, 2010 WL 3958715 at *3 (N.D. Cal. Oct. 7, 2010) (statute is written in the disjunctive, request for information meets definition).  Plaintiff has adequately alleged that he sent a letter seeking the kind of information covered by the statute.

Defendants further contend that Plaintiff has not alleged a connection between any violation and damage to him.  The Court's review of the FAC reveals that Plaintiff has alleged entitlement to "statutory damages" as well as declaratory relief.  The statute provides for damages and costs to borrowers when a servicer fails to comply with its provisions.  12 U.S.C. §2605(f).

The Court concludes that the allegations here are sufficient to state a claim and the motion is **DENIED** as to this claim.

III.    LOAN MODIFICATION-BASED CLAIMS – FIFTH, SIXTH AND ELEVENTH

A.  *Fifth and Sixth Claims Based on Implied Covenant*

Plaintiff's Fifth Claim for Relief alleges that BANA entered into a Servicer Participation Agreement ("SPA") with Fannie Mae, in which it agreed to apply all HAMP criteria to all loans it services, including Plaintiff's.  (FAC ¶115.)  Plaintiff alleges that BANA breached the SPA by not offering him a HAMP modification at a payment level of 31% of his income, and that, as a third party beneficiary of the SPA, he is entitled to enforce it.  (FAC ¶116, 117.)  Pleading in the alternative, Plaintiff alleges that BANA did not exercise in good faith its discretion as the loan servicer in considering his eligibility for a modification.  (FAC ¶125-127.)

As alleged, the SPA does not confer third party beneficiary status on Plaintiff.  *See Hoffman v. Bank of Am., N.A.*, C 10-2171 SI, 2010 WL 2635773 (N.D. Cal. June 30, 2010).  With respect to government contracts, the general presumption is that members of the public are incidental beneficiaries unless the agreement expresses a clear intention otherwise. *Id.; County of Santa Clara v. Astra USA, Inc.* 588 F.3d 1237, 1244-45 (9th Cir. 2009).  Incidental beneficiaries, as opposed to intended third party beneficiaries, do not gain rights against the promisors. *Klamath v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999).  Citing numerous cases, the court in *Hoffman, supra,* stated that "it would be unreasonable for a qualified borrower seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does not actually require that the servicer modify all eligible loans, nor does any of the other language of the contract demonstrate that the borrowers are intended beneficiaries." *Hoffman v. Bank of Am., N.A.*, 2010 WL 2635773 at *4 (N.D. Cal. June 30, 2010).

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Court agrees.  The HAMP SPA itself does not confer any rights on Plaintiff as an intended beneficiary of the agreement, nor does it require BANA to offer him a loan modification. Whatever duties arise out of the HAMP SPA, they do not inure to Plaintiff's benefit.

Thus, the motion to dismiss the fifth and sixth claims for relief is **GRANTED** with leave to amend to allege a cognizable claim, if possible.

### B.  Eleventh Claim for Negligence

Plaintiff alleges that Defendants had a general duty of care in handling his loan in a way to prevent foreclosure, consistent with a general state and national policy of sustaining home ownership.  (FAC ¶ 203.)  Plaintiff further alleges that Defendants had a duty arising under 15 USC § 1639, the Home Ownership and Equity Protection Act, requiring servicing banks to act within an industry standard of care, using consistent methods to determine modification approvals, exploring alternatives to foreclosure prior to default, exercising reasonable care in responding to inquiries, maintaining accurate records, properly servicing loan and ensuring chain of title.  (FAC ¶¶ 207-08.)

As to the general duty allegations, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).  Generally, lenders have no fiduciary relationship with their borrowers, and pursue their own interests in approving loan transactions.  *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436, 113 Cal. Rptr. 3d 790, 796 (2010).  They owe no duty of care to borrowers in the approval process.  *Id*.

With respect to the claim of a duty arising under 15 USC §1639, the Court does not read the statute as providing for any of the duties alleged by Plaintiff with respect to modifications and

foreclosure alternatives, but instead as requiring certain disclosure and precluding unfair terms in certain high cost mortgages.

Neither of these theories states a viable claim for relief.  The motion to dismiss the negligence claim is therefore **GRANTED** with leave to amend to allege a cognizable claim, if possible.

IV.    DERIVATIVE CLAIMS – TWELFTH AND THIRTEENTH CLAIMS

Plaintiff alleges a twelfth claim for declaratory relief and a thirteenth claim to quiet title. The claims are pleaded generally.  First, they incorporate all the allegations coming before them in the complaint.  Then they allege entitlement to declaratory relief and to quiet title as against Defendant on the grounds that "Defendants wrongfully and unlawfully initiated a foreclosure" which was "consummated in direct contravention of the terms set forth of the above referenced agreements," and that any foreclosure is void and invalid.  (FAC ¶¶ 215, 216, 224.)  The allegations are insufficiently definite to meet even the minimal threshold of Rule 8 pleading.  These allegations are particularly indefinite given that entitlement to relief under these claims is alleged to depend upon other claims in the FAC that the Court has found insufficiently pleaded above.  Therefore, the motion to dismiss as to the twelfth and thirteenth claims is **GRANTED** with leave to amend.

**CONCLUSION**

The motion to dismiss is **GRANTED WITH LEAVE TO AMEND** as to the following claims: first (Fraud); third (violation of Cal. Civil Code § 2923.6); fifth (breach of the implied covenant of good faith and fair dealing as a third party beneficiary of HAMP agreements); sixth (breach of the implied covenant of good faith and fair dealing to consider modification); seventh (violation of the TILA, 15 U.S.C. § 1601); eighth (rescission); ninth (predatory lending under California Business &

Professions Code § 17200); tenth (violation of Cal. Civil Code §§ 1920 and 1921); eleventh (negligence); twelfth (declaratory relief); and thirteenth (quiet title).

The motion to dismiss is **DENIED** as to the following claims: second (violation of Cal. Civil Code § 2923.5); and fourth (RESPA, 12 USC § 2605).

Plaintiff shall file and serve his Second Amended Complaint, if any, no later than May 21, 2012. Defendants shall file and serve their response to the Second Amended Complaint within 21 days thereafter.

This order terminates Docket No. 18.

**IT IS SO ORDERED.**

Dated: April 26, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California