**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY KENNEDY,**<br><br>      **Plaintiff,**<br><br>      vs.<br><br>**BANK OF AMERICA, N.A. ET AL.,**<br><br>      **Defendants.** | **Case No.: 12-CV-952 YGR**<br><br>**NOTICE OF TENTATIVE RULING GRANTING MOTION OF DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST TO DISMISS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE RULING** ON THE MOTION OF DEFENDANTS BANK OF AMERICA, N.A. AND RECONTRUST COMPANY, N.A. (COLLECTIVELY, "DEFENDANTS") TO DISMISS AS TO CERTAIN CLAIMS, SET FOR HEARING ON TUESDAY, JULY 10, 2012, AT 2:00 P.M.

The Court has reviewed the parties' papers and is inclined GRANT the motion of Defendants to Dismiss certain claims from the Second Amended Complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This is a *tentative* ruling and the parties still have an opportunity to present oral argument unless they stipulate to entry of an order in substantially the form below. If the parties JOINTLY stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court. Absent a stipulation timely submitted in

advance of the noticed hearing date, the parties will still be required to appear for oral argument on July 10, 2012, at 2:00 p.m.

## TENTATIVE RULING

Plaintiff Terry Kennedy ("Plaintiff") brings this action against Defendants Bank of America, N.A. ("BANA"), as successor in interest to Quick Loan Funding, and Reconstrust [*sic*] Company, N.A. (collectively, "Defendants"). The Court previously granted in part and denied in part Defendants' Motion to Dismiss, and gave Plaintiff leave to amend the claims as to which the motion was granted. Plaintiff filed his Second Amended Complaint ("SAC") on May 21, 2012. The SAC alleges claims for: (1) fraud; (2) violation of Cal. Civil Code § 2923.5; (3) violation of the Real Estate Settlement Procedures Act, or RESPA, 12 U.S.C. § 2605; (4) breach of the implied covenant of good faith and fair dealing as a third party beneficiary of federal Home Affordable Modification Program ("HAMP") agreements; (5) violation of the Truth In Lending Act ("TILA") disclosure provisions, 15 U.S.C. § 1601; (6) rescission; (7) predatory lending under California Business & Professions Code § 17200; (8) violation of the Unfair And Deceptive Business Practices Act, Cal. Civil Code §§ 1920 and 1921; (9) negligence; (10) declaratory relief; and (11) quiet title.

Defendants filed a Motion to Dismiss under Rules 8, 9, and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants move to dismiss as to all claims except the second and third. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss, without leave to amend.

## STANDARDS APPLICABLE TO THE MOTION

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a

motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("*Twombly*")).

All allegations of material fact are taken as true. *Id.* at 94. However, legally conclusory statements not supported by actual factual allegations need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*"). A plaintiff's obligation to set forth the basis for his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. 679.

The court generally may not consider materials outside the pleadings, but may consider a matter that is properly the subject of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Additionally, the court may consider exhibits attached to the complaint and documents referenced by the complaint and accepted by all parties as authentic. *See Hal Roach Studios. Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege

3

specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997).

**DISCUSSION**

Like his prior pleadings, the claims alleged in Plaintiff's SAC break down into four general categories: loan origination-based claims, foreclosure-based claims, loan modification-based claims, and two claims for equitable relief derived from the foregoing.  The Court addresses each category generally, reaching arguments specific to claims within the category as necessary.

I.   CLAIMS CONCERNING ORIGINATION AND DISCLOSURES –
     FIRST (FRAUD IN ORIGINATION), FIFTH (VIOLATION OF TILA), SIXTH (RESCISSION),
     SEVENTH (§ 17200), EIGHTH (UNFAIR AND DECEPTIVE PRACTICES), NINTH (NEGLIGENCE)

*A.    Statute of Limitations*

Defendant argues that each of Plaintiff's claims concerning the original loan and failure to make required disclosures is time-barred because the triggering event was the loan's origination in August of 2006.  The complaint here was filed in January of 2012, well beyond even the longest statute of limitations for any of these claims.[1]

It is a well-established principle that the statute of limitations on a claim begins to run when the plaintiff "at least suspects a factual basis, as opposed to a legal theory" of some wrongdoing, and has "reason to suspect when he has notice or information of circumstances to put a reasonable person on inquiry."  *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397-98 (1999) (internal citations and quotations omitted).  It is not relevant to the accrual of the cause of action that an attorney or expert

---

[1] *See, e.g.,* Cal. Code Civ. Proc. §§ 338 (a)-(d) and 340 (1 year statutory penalty, 3 years for action on a statute or fraud); 12 U.S.C. § 2614 (3 years, RESPA) 15 U.S.C. § 1635(e), (f) (1 year, TILA disclosures, 3 year for TILA rescission); Cal. Bus. & Prof. Code § 17208 (4 years for UCL claim).

4

has not yet reviewed the facts or advised the plaintiff. *Id.* at 398. The burden is on a plaintiff seeking to avoid the effect of the limitations bar to plead specific facts demonstrating: "(1) the time and manner of discovery [of the facts underlying the claim] and (2) the inability to have made earlier discovery despite reasonable diligence." *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1324 (2007). Conclusory allegations will not avoid a motion to dismiss. *Id.*; *see also Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (conclusory allegations regarding lack of disclosures insufficient to toll limitations period for TILA claim); *Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir.2003) (dismissing TILA claim, despite request for equitable tolling, because plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one-year limitations period).

Under California law, one who signs a contract "cannot complain of unfamiliarity with the language of the instrument." *Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 710, *accord Pac. State Bank v. Greene*, 110 Cal. App. 4th 375, 393 (2003). A party must show he reasonably relied on a contrary representation such that it excuses his failure to read the document. *Pac State Bank, supra*, 110 Cal.App.4th at 393. Where the party was "in full possession of all information relevant to the discovery [of the claim]. . . on the day the loan papers were signed," there is no basis for equitable tolling of the limitations period. *Meyer, supra,* 342 F.3d at 902; *see also Hubbard v. Fidelity Fed. Bank,* 91 F.3d 75, 79 (9th Cir.1996) (concluding that plaintiff was not entitled to tolling where "nothing prevented [her] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements"; *Watkinson v. MortgageIT, Inc.*, 2010 WL 2196083 (S.D. Cal. June 1, 2010) (same).

The Court is not persuaded that the statutes of limitations here should be tolled for Plaintiff's alleged late discovery of the basis for his claims, *i.e.* the terms of the agreement that he signed. In his First Amended Complaint ("FAC"), Plaintiff offered contradictory fact allegations as to when he believed the statute of limitations should have been triggered. He conceded that the agent of Quick with whom he initially spoke told him that he "would probably qualify for an Interest Only Adjustable Rate Loan," (IOARL) as to which he was informed that "the monthly payment stayed the same 'for quite a few years'" and that "he could refinance when the rate increased." (FAC ¶ 19.) He alleged, as he does in the SAC, that when he signed the loan documents in August of 2006, he was relying on the loan agent's representations of the terms and did not read what he was signing. (FAC ¶ 26.)

In the SAC, Plaintiff alleges that, although he was initially told it was an IOARL, Defendants contradicted that statement by telling him his monthly payment would be $2300 and would remain the same for "quite some years," which he alleges is "suggestive of a fixed rate product," and what he believed he was receiving. Since Defendants did not provide the loan documents prior to the origination, he had no ability to discover that the interest rate was adjustable. (SAC ¶ 50, 51.) Plaintiff goes on to allege that "[i]n addition, no other events prior to receiving the Notice of Trustee's Sale that indicated a substantial increase in the principal balance of the loan could reasonably elicit suspicion of the part of Plaintiff as to the negative amortization component of the Loan." (SAC ¶ 51.) He alleges he only recently discovered Defendants' suppression of facts and intentional acts of deception with regards to his loan application when he reviewed his loan documents during the loan modification process, within the last year. (SAC ¶ 56.)

The Court's reading of these allegations in concert with the prior allegations in the FAC and the documents attached to the SAC do not reveal a legal basis for tolling the statute of limitations

6

here.  While the Court does not determine the truth of the allegations on a motion to dismiss, the Court need not accept allegations that are contradicted by other allegations in the complaint or by the documents attached thereto.  *See Hal Roach Studios, supra*, 896 F.2d at 1555 n.19.  Though Plaintiff argues strenuously that he did not and could not reasonably suspected the true terms of his loan until very recently, the allegations and judicially noticeable facts show that Plaintiff cannot reasonably argue that he was not aware of these terms at or around the time of origination of the loan**.**  Plaintiff's pleadings, as well as the documents attached thereto, demonstrate that he knew or with reasonable diligence should have known, at or before the time he entered into the loan agreement, that his loan was an adjustable rate versus a fixed rate, that initial payments were interest-only versus payment on the principal, and that the monthly payment amount would increase after a period of time.  Thus, all the origination-based claims are time-barred under the applicable statutes of limitations.

      *B.*     *Successor Liability for Quick's Origination*

Moreover, Plaintiff has failed to allege a basis for BANA's liability as to origination conduct of Quick Loan Funding, the original lender.  As in his FAC, Plaintiff alleges in the SAC that BANA is liable as the "successor in interest to the lender, Quick."  (SAC ¶ 40.)  The Court previously determined that the allegations were insufficient and conclusory.  Plaintiff amended the allegations to state that BANA "undoubtedly had access to the Loan Documents when acquiring the Loan," and that the fraud and deception are apparent from the face of those documents.  (*Id.*)  As in the FAC, this is not sufficient to establish a basis under California law for finding that BANA assumed Quick's liabilities when it acquired the loan here.  *See Ray v. Alad Corp.*, 19 Cal. 3d 22, 28, 560 P.2d 3, 7 (1977).  Plaintiff makes no allegation that there was an agreement to assume the

liabilities, that the companies merged, that BANA was a continuation of Quick, or that the transfer of assets was for a fraudulent purpose. *Id.*

Plaintiff again cites to *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008). However, that case involved aiding and abetting liability and included allegations that the defendants "worked together in distributing, selling, and servicing the loans, that they initiated the scheme in order to maximize the loans they sold to consumers and to maximize profits, that GMAC Mortgage Corp. had full knowledge of Aegis's wrongful acts, and actively participated as an assignee and/or buyer." *Id.* Plaintiff makes no such allegations here.

Thus, the origination based claims must be dismissed for the further reason that Plaintiff has not pleaded a sufficient basis for successor liability as against BANA.

In summary, the origination-based claims in the first, fifth, sixth, seventh, eighth, and nine claims for relief in the SAC must be dismissed.[2] Given that Plaintiff has tried and failed to allege cognizable claims in this Second Amended Complaint, no leave to amend is granted.

II.   FORECLOSURE PROCESS-BASED CLAIMS—FOURTH, EIGHTH, AND TENTH

Plaintiff includes allegations in several claims – his Fourth Claim (breach of the implied covenant of good faith and fair dealing), Eighth Claim (Unfair and Deceptive Practices), and Tenth Claim (Declaratory Relief) – to the effect that Defendants' violation of Civil Code § 2923.5 establishes a basis for relief. The only remedy for a violation of section 2923.5 is postponement of the sale, not damages. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010), review denied (Aug. 18, 2010); *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011), review denied (Mar. 14, 2012).

---

[2] Because the Court dismisses these claims based upon statute of limitations and successor liability grounds, it need not reach other arguments raised such as requirement to tender, sufficiency of the negligence allegations, and the existence of a private right of action under Civil Code §§ 1920 and 1921.

8

To the extent the fourth, eighth, and tenth claims rely on section 2923.5 as their foundation, they must be dismissed. No leave to amend is warranted.

III.     LOAN MODIFICATION-BASED CLAIMS—FOURTH AND EIGHTH

   A.     *Fourth Claim for Breach of Implied Covenant*

Plaintiff's fourth claim for relief alleges that BANA breached the covenant of good faith and fair dealing implied in the underlying mortgage agreement when it failed to analyze plaintiff for a loan modification consistent with the HAMP program or any other program, and instead initiated a foreclosure without first contacting him, as required by Civil Code § 2923.5. (SAC ¶ 102-04.)

Again, to the extent that the claim is based upon section 2923.5, the case law is very clear that the only remedy for a violation of 2923.5 is a postponement of the sale. *Mabry, supra,* 185 Cal. App. 4th 208, 231 (Section 2923.5, and sister statute 2923.6, provide no right to a loan modification). This additional claim for damages is not permitted.

Moreover, and as in the FAC, Plaintiff does not allege that he is an intended third party beneficiary of the agreement between the federal government and lenders about the HAMP program. As numerous cases have held, the HAMP agreement does not confer third party beneficiary status on borrowers. *See Hoffman v. Bank of Am., N.A.*, C 10-2171 SI, 2010 WL 2635773 (N.D. Cal. June 30, 2010) (citing cases). "[I]t would be unreasonable for a qualified borrower seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does not actually require that the servicer modify all eligible loans, nor does any of the other language of the contract demonstrate that the borrowers are intended beneficiaries." *Id.* at *4. Thus, Plaintiff has no legal basis to enforce the HAMP provisions against BANA or to obtain damages based upon failure to comply with HAMP.

9

### B. *Eighth Claim for Unfair and Deceptive Practices*

Plaintiff includes a number of different allegations under the heading of this claim for relief. To the extent the claims are based upon Civil Code 1920 and 1921, they concern conduct related to the origination of the loan, and therefore must be dismissed as untimely and not properly stated against BANA, as above. Likewise, and as stated above, violation of section 2923.5 does not provide a cognizable basis for this claim since the relief sought here is not available under that statute.

To the extent that Plaintiff asserts this claim on allegations that his attempts to modify the loan were "thwarted" by BANA, Plaintiff does not offer any basis for alleging that BANA was legally obligated to enter into a loan modification with him. *Cf. Stebley v. Litton Loan Servicing, LLP,* 202 Cal.App.4th 522, 526 (2011) (no obligation under Civil Code §§ 2923.5 or 2923.6 to enter into modification); *Hamilton v. Greenwich Investors,* 195 Cal.App.4th 1602, 1617 (same); *Bardasian v. Sup. Ct.,* 201 Cal.App.4th 1371, 1374 (2011) (same).

## IV. DERIVATIVE CLAIMS – TENTH AND ELEVENTH

Plaintiff alleges a tenth claim for declaratory relief and an eleventh claim to quiet title. As the basis for declaratory relief, Plaintiff alleges that foreclosure would be contrary to the loan agreements because of Defendants' bad faith breach and because of the violation of section 2923.5. Plaintiff claims that Defendant wrongfully initiated foreclosure. This claim is entirely duplicative of Plaintiff's second claim for relief for violation of section 2923.5. As such, dismissal is appropriate. *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324 (1995) (where declaratory relief claim only served to provide a second claim for determination of identical issues, claim was superfluous).

The quiet title claim is alleged to be based upon all the foregoing allegations, and simply alleges that Plaintiff is the legal owner and seeks to quiet title as against all others because they have no rightful legal ownership and the foreclosure is invalid.  As a consequence of the Court's rulings herein, only the violation of section 2923.5 and violation of the RESPA claims remain.  Neither of these claims is sufficient to invalidate the underlying deed of trust held by BANA.  At most, Plaintiff is entitled to damages under RESPA and a postponement of the foreclosure sale until BANA complies with its obligations under section 2923.5.  Accordingly, neither section 2923.5 nor RESPA establishes a basis for a claim to quiet title against BANA.

Thus, the motion to dismiss must be granted as to the tenth and eleventh claims.

## CONCLUSION

Therefore, the Court *tentatively* Orders the following:

Defendant's Motion to Dismiss is **GRANTED** as to the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Claims for Relief, without leave to amend.  Defendant shall file and serve its answer to the Second and Third claims no later than July 23, 2012.

No later than **2:00 p.m.** on **Monday, July 9, 2012**, the parties may JOINTLY stipulate in writing to entry of this tentative ruling.  If the parties so stipulate, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.  Otherwise, the hearing will take place on **Tuesday, July 10, 2012, at 2:00 p.m.** in a courtroom to be designated.

**IT IS SO ORDERED.**

Date: July 6, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**